**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

IN RE:  GREGORY SIMMS                                              CHAPTER 13
                                                                               CASE NO.  14-61829
                                                                               JUDGE : JRS
              Debtor(s)

**DEBTOR'S FIRST AMENED CHAPTER 13 PLAN**

EXTENSION ( )                                                             COMPOSITION ( X )

      You should read this Plan carefully and discuss it with your attorney.  Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income**.  Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2.  **Plan Payments and Length of Plan.**  Debtor will pay the sum of **$400.00 Monthly** to Trustee by **[ ] Payroll Deduction(s) or by [X ] Direct  Payment** for the applicable commitment period of 60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months.  *See* 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4).  Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).  The following alternative provision will apply if selected:

_X_  IF CHECKED, **Plan payments will increase by $<u>419.00</u> on <u>September</u> 2016 upon completion or termination of <u>the car payment of the non-filing spouse</u>.**

3.  **Claims Generally.  The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**  An allowed proof of claim will be controlling, unless the Court orders otherwise.  Objections to claims may be filed before or after confirmation.

4.   **Administrative Claims**. Trustee will pay in full-allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.
    (A).    **Trustee's Fees**. Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.
    (B).    **Debtor's Attorney's Fees**.  Debtor and Debtor's attorney have agreed to a **BASE FEE (See Section 6(d) of the 2016(b) statement)** in the amount of $3529.00 for legal services rendered in the case and are incorporated into the Rule 2016(b) disclosure statement in the case.  Prior to the filing of the case the attorney received $0.00.  The balance of the fees shall be disbursed by Trustee as follows:
    (a) upon the first disbursement of the plan following confirmation of a plan, the Trustee shall disburse up to $3529.00 after the payment of adequate protection payments and administrative fees.  The remaining balance of the fees shall be paid up to $250.00 per month until the fees are paid in full;
    (b) if the case is dismissed or converted to Chapter 7 or 11 prior to confirmation of the plan, the
    Trustee shall pay fees up to $3529.00 from available funds.

1

Any fee payments aggregating in excess of $3529.00 shall require prior Court approval, upon application and hearing pursuant to 11 U.S.C. Section 330(a).

Debtor and Debtor's attorney have furthered agreed that Debtor's attorney may be paid for **NON-BASE SERVICES (See Section 7 of the 2016(b) statement)** as they performed on an as needed basis.  Upon completion on a non base service, Debtor's attorney may file a certification with the Court, serving all parties in interest with notice of the certification and the opportunity to be heard on the matter.  If the non base fee is approved by the Court, then the fee shall be added to the balance of the unpaid base fee in this case and paid accordance with paragraph 4(B) above.  If the base fee has been paid in full then the non base fee shall be paid at a rate of $250.00 per month, and the distributions shall be reduced, pro rata, by that amount until the non base fee is paid in full.

5. **Priority Claims**.

(A). **Domestic Support Obligations**.

___X___  None.  If none, skip to Plan paragraph 5(B).

(i).  Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

(ii).  The name(s) and address(es) of the holder of any domestic support obligation are as follows .*See* 11 U.S.C. §§ 101(14A) and 1302(b)(6).

(iii).  Anticipated Domestic Support Obligation Arrearage Claims

(a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.
_____ None; or

| (a) Creditor (Name and Address) | (b) Estimated arrearage Claim | (c) Projected monthly arrearage payment |
|---|---|---|
|  |  |  |
|  |  |  |

(b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

_____ None; or

Claimant and proposed treatment:

(B). **Other Priority Claims (e.g., tax claims)**.  These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.
All other allowed priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated claim |
|---|---|
| Internal Revenue Service | $7253.16 |
|  |  |

2

6. **Secured Claims**.

(A). **Claims Secured by Personal Property Which Debtor Intends to Retain**.

(i). **Pre-confirmation adequate protection payments**. No later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment.

Debtor shall make the following adequate protection payments:

_____    directly to the creditor; or

\_\_X\_\_\_    to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate protection Payment amount |
|---|---|---|
|  |  |  |
|  |  |  |

(ii). **Post confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

(a). **Claims to Which § 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* § 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

\_\_x\_\_    None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Claim amount | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |

(b). **Claims to Which § 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

_____ None; or

| (a) Creditor | (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

(c.) **Other Allowed Secured claims: Claims in this provision shall be paid 6.0% interest.** A proof of claim which is filed and allowed as a secured claim, but is not treated specifically under the plan, shall be paid as funds become available after satisfaction of the allowed secured claims which have been treated by the plan and prior to payment of allowed non-administrative priority claims *(except domestic support obligation claims as set forth in paragraph 5(A),above)* and general unsecured claims. Notwithstanding the foregoing, the Debtor or any other party in interest may object to the allowance of the claim.

| (a) Creditor | (b) Property Description | (c) Replacement Value | (d) Interest Rate | (e) Monthly Payments |
|---|---|---|---|---|
| | | | | |

**(d.) Claims subject to lien avoidance pursuant to 11 U.S.C. §522(f)**: The allowed secured claim of each creditor listed below shall not be funded until all allowed, secured claims which are being treated by the plan are satisfied. If an order is entered avoiding the creditor's lien, that creditor's claim shall be treated as a general, unsecured claim to the extent it is not otherwise secured by property of the estate and treated by the plan. To the extent that the creditor's lien is not avoided and is not otherwise treated by the plan, the secured claim shall be funded as set forth in the above paragraph. This paragraph shall apply to the following creditors:

| (a) Creditor | (b) Amount |
|---|---|
| | |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to One West Bank as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.
(ii) Fed. R. Bankr. P. 3002.1(c). Any fees, expenses and charges asserted under Fed. R. Bankr. P. 3002.1(c) are not to be funded through the Chapter 13 plan and the Debtor will pay these post-petition expenses outside the plan to the mortgage holder/servicer unless the Court has disallowed them on a Motion filed under Fed. R. Bankr. P. 3002.1(e).
(iii) The below monthly payments shall commence after Confirmation of Plan.

| (a) Creditor | (b) Property description | (c) Estimated pre-petition arrearage | (d) Projected monthly arrearage payment |
|---|---|---|---|
| One West Bank | 2610 Sumpter Trail | $8000.00 | $100 step to $300 in 9/2015 |
| RR Homeowner's Assoc, Inc. | 2610 Sumpter Trail | $2000.00 | $25 step to $80 in 9/2015 |

4

(C). **Mortgage Claims Secured by Residential Real Property Which Debtor Seeks to have Modified to General, Nonpriority Unsecured pursuant to 11 U.S.C. § 506 and 11 U.S.C. § 1322(b)(2).** Debtor has filed a Motion to Determine the Secured Status of and to Strip Lien Effective upon Discharge. If the Court grants this Motion, the claim of will be deemed wholly unsecured and the lien securing the claim will be voided upon discharge. Accordingly, the Plan will treat the claim of as a general unsecured claim, governed by paragraph 7 of this plan, and Debtor will make no direct payments to.

This provision shall apply to the following creditor(s):

| (a) Creditor | (b) Property description | (c) Amount | (d) Lien Position |
|---|---|---|---|
| | | | |

(D). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lien holder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
| | |
| | |

7. **Unsecured Claims**. Debtor estimates that the total of general unsecured debt not separately classified in Plan paragraph 10 is **$13,030.00** after all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of **$0 or 0%,** whichever is greater. Trustee is authorized to increase this dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases**. The following executory contracts and unexpired leases are assumed, and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth below in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

_____ None; or

| (a) Creditor | (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| | | | |

9. **Property of the Estate**. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

5

**10. Other Provisions Regarding Unsecured creditors:**
(A). Special Classes of unsecured claims
(B). Direct payments to creditors
(C). Other:

**11. Entry of an Order of Confirmation shall raise a presumption that the requirements of 11 U.S.C. 521(a)(1) have been satisfied.**

**12. Other Provisions**
If the debtor(s) is/are purchasing real estate and the real estate taxes are not included in the monthly mortgage payments then debtor(s) shall establish and fund a real estate tax escrow account, fund it on a monthly basis for the purpose of preserving funds for the regular payment of all ongoing tax and insurance obligations, timely file all tax returns, timely pay all taxes, and report in writing to the Trustee on a quarterly basis.

If debtor(s) is/are self-employed then debtor(s) shall establish and fund a self-employment tax escrow account, fund it on a monthly basis, and report in writing to the Trustee on a quarterly basis. Further, Debtor shall timely file all tax returns, timely pay all taxes, and timely submit all refunds to the Trustee.

Tax Refunds: If this is a composition Plan and unless the Court orders otherwise, any portion in excess of $1,200 annually of a Debtor's tax refund which Debtor is entitled to receive in tax years 2014, 2015 and 2016 shall be paid into the Chapter 13 case. The IRS is authorized to remit any such refunds directly to the chapter 13 trustee. Debtor may retain up to $1200.00 annually after submitting a written request to the chapter 13 trustee.

A proof of claim which is filed and allowed as a secured claim, but is not treated as such under the plan, shall be funded as classified in the proof of claim, but only after satisfaction of the allowed secured claims which have been treated by the plan.

DATED: August 20, 2014

_____/S                                    _____/S
Janel O. Bowles, Attorney for the Debtor                              Gregory Simms, Debtor
Georgia Bar No. 071880